IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY TUNG THIEN NGUYEN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 18-CV-5019 |
| ALLSTATE INSURANCE COMPANY,<br>    Defendant. | :<br>:<br>: |

## MEMORANDUM

**KENNEY, J.**                                                                                                                         **DECEMBER 13, 2018**

Plaintiff Tony Tung Thien Nguyen, a prisoner currently incarcerated at the State Correctional Institution at Somerset, filed a *pro se* Complaint against Allstate Insurance Company ("Allstate") based on allegations that Allstate acted in bad faith by failing to provide insurance coverage for a collapsed carport. Nguyen also filed a Motion for Leave to Proceed *In Forma Pauperis*, a Motion for Appointment of Counsel, and a Request for Production of Documents. (ECF Nos. 1, 3 & 5.) In an Order entered on the docket November 23, 2018, the Court denied Nguyen's Motion for Leave to Proceed *In Forma Pauperis* without prejudice because the Prisoner Trust Fund Account Statement that he provided with his Motion did not reflect six months of account activity prior to filing, as required by 28 U.S.C. § 1915(a)(2). (ECF No. 7.) The Order gave Nguyen thirty days to return with an up-to-date account statement.

On December 10, 2018, the Court received Nguyen's second Motion to Proceed *In Forma Pauperis*, a complete Prisoner Trust Fund Account Statement, and Amended Complaint

adding new Defendants.¹ (ECF Nos. 8, 9, & 10.) For the reasons set forth below, the Court will grant Nguyen leave to proceed *in forma pauperis* and dismiss his Amended Complaint for lack of subject matter jurisdiction without prejudice to amendment.²

I.     FACTS³

The Amended Complaint names as Defendants Allstate Insurance Company, Clare Erskine (identified as an Insurance Adjuster), Tyron Murry (identified as an Insurance Agent), and U.S. Forensic, LLC. Nguyen alleges that in 2015, he purchased a homeowner's insurance policy from Allstate on property he owned in Philadelphia. According to the Amended Complaint, Murry, an insurance agent for Allstate, represented to Nguyen in late 2015 or early 2016 that Nguyen would be covered by the policy if he built a carport.

Nguyen started building the carport in late 2016, but he was not able to complete the project because he had been sentenced to house arrest. In mid-March of 2017, a snow storm damaged Nguyen's home and caused the carport to collapse. The carport damaged Nguyen's belongings and was about to fall on his neighbor's property. Nguyen called Allstate because he was concerned about damaging his neighbor's property, and spoke with Erskine, one of Allstate's insurance adjusters. Erskine advised Nguyen to take pictures and email the pictures to Allstate.

---

[1] The Amended Complaint is titled "Reamanded [sic] Motion of Complaint," but it is in essence an Amended Complaint and the Court construes it as such.

[2] The Amended Complaint supersedes the original Complaint and is currently the governing pleading in this case. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)).

[3] The following facts are taken from the Amended Complaint.

Nguyen took pictures of the damage to his property, including the damage caused by the carport, and emailed them to Allstate. Nguyen also alleges that he was advised by Allstate to see if he could find a contractor to tear down the carport and remove the snow. When Nguyen inquired about payment, he was told to pay the contractor out of pocket and that he would be reimbursed later. Nguyen found a contractor to perform the work and sent the receipts to Allstate.

Approximately three to four weeks later, Allstate sent agents from U.S. Forensic to Nguyen's home to inspect the premises, at which point the carport had already been demolished. Allstate thereafter denied Nguyen's claim for coverage related to the carport. Nguyen repeatedly contacted Allstate and received U.S. Forensic's report and denial letters in response.

Based on those allegations, Nguyen brings claims under state law for breach of contract, bad faith, professional negligence, and unjust enrichment. It appears that Nguyen is also claiming that Allstate did not provide full coverage for the damage to his home, in addition to the damage related to the carport. He seeks damages in an unspecified amount "in excess of the jurisdictional arbitration limit, together with treble damages, attorneys fees plus interest and cost and any other damages" the Court deems just. (Am. Compl. at 10.)[4]

## II. STANDARD OF REVIEW

The Court grants Nguyen leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action.[5] Accordingly, 28 U.S.C. §

---

[4] The Court adopts the pagination assigned to the Amended Complaint by the CM-ECF docketing system.

[5] However, as Nguyen filed this lawsuit while he was incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

1915(e)(2)(B) requires the Court to screen the Amended Complaint and dismiss it if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Nguyen is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Nguyen's Amended Complaint raises contract and tort claims under Pennsylvania law. The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).

4

"That presumption, however, may be rebutted by showing a *bona fide* intent to remain in the state of incarceration on release." *Id.*

A corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420. "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). In some cases, "a plaintiff may allege that the defendant is *not* a citizen of the plaintiff's state of citizenship" after conducting a reasonable investigation into the defendant's citizenship. *Id.* at 107-08.

Here, it appears that Nguyen is likely a citizen of Pennsylvania, although the Amended Complaint does not clearly allege that fact. Nguyen alleges that Allstate has offices in Texas, that Murry and Erskine are employed by Allstate at an office in Philadelphia, and that U.S. Forensic, LLC has an office in Louisiana. However, those allegations do not reveal the Defendants' citizenship for purposes of plausibly establishing diversity. As Nguyen has not satisfied his initial burden of pleading a basis for subject matter jurisdiction, the Court will dismiss his Amended Complaint on that basis.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Nguyen's Amended Complaint for lack of subject matter jurisdiction. The dismissal is without prejudice to Nguyen filing a second amended complaint in this case in the event he can allege a basis for subject matter jurisdiction or, alternatively, filing a complaint in state court so he may proceed on his claims in that venue.

5

The Court will address Nguyen's Motion for Appointment of Counsel after he files a second amended complaint in this matter. Nguyen has also filed a Request for Production of Documents, but he is not entitled to discovery at this time considering the dismissal of his Amended Complaint. In the event Nguyen files a second amended complaint and his claims proceed, any discovery requests should be sent to opposing counsel—after Allstate has filed an answer and in accordance with the Federal Rules of Civil Procedure—rather than directly to the Court. *See* Local Rule 26.1. An appropriate Order follows.

BY THE COURT:

_____
CHAD F. KENNEY, J.