IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TONY TUNG THIEN NGUYEN, :
    Plaintiff, :
     :
v. : CIVIL ACTION NO. 18-CV-5019
     :
ALLSTATE INSURANCE COMPANY, :
    Defendant. :

## ORDER

AND NOW, this 13th day of December 2018, upon consideration of Plaintiff Tony Tung Thien Nguyen's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 8), his Prisoner Trust Fund Account Statement (ECF No. 9), and his *pro se* Amended Complaint (ECF No. 10), it is **ORDERED** that:

1.    Leave to proceed *in forma pauperis* is **GRANTED**.

2.    Tony Tung Thien Nguyen, #NC-2764, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b).[1] Based on the financial information provided by Nguyen, an initial partial filing fee of $54.97 is assessed. The Superintendent or other appropriate official at SCI Somerset or at any other prison at which Nguyen may be incarcerated is directed to deduct $54.97 from Nguyen's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be

---

[1] To the extent Nguyen requests a different payment schedule in his Motion to Proceed *In Forma Pauperis*, his request is denied because the Court is obligated to direct payments in accordance with the statutory formula set forth in 28 U.S.C. § 1915(b). *See Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.4 (3d Cir. 2009) (explaining that "once the Court has granted a prisoner leave to proceed [*in forma pauperis*] in [a case] governed by the [Prison Litigation Reform Act], the prisoner is obligated to pay the fees in full [pursuant to 28 U.S.C. § 1915(b)]").

credited to Civil Action No. 18-5019. In each succeeding month when the amount in Nguyen's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Nguyen's inmate trust fund account until the fees are paid. Each payment shall reference the docket number for this case, Civil Action No. 18-5019.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Somerset.

4. Nguyen's Amended Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction in accordance with the Court's Memorandum.

5. Nguyen may file a second amended complaint within thirty (30) days of the date of this Order in the event he can set forth a plausible basis for this Court's jurisdiction over his claims. Alternatively, he may proceed by refiling his case in state court. If Nguyen files a second amended complaint, the Clerk shall not make service until so **ORDERED.**

6. The Clerk of Court is **DIRECTED** to furnish Nguyen with a blank copy of this Court's current standard form to be used by a *pro se* litigant filing a civil action bearing the above-captioned civil action number. Nguyen may use this form to file a second amended complaint if he opts to do so.

7. If Nguyen fails to file a second amended complaint, his case may be dismissed for failure to prosecute without further notice.

BY THE COURT:

_____
CHAD F. KENNEY, J.