IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY TUNG THIEN NGUYEN, *Plaintiff*, | : : : | CIVIL ACTION |
| v. | : : | NO. 18-5019 |
| ALLSTATE INSURANCE COMPANY, *Defendant.* | : : : | |

## MEMORANDUM

### I. Introduction

Before the Court is Plaintiff's Motion for Appointment of Counsel (ECF No. 3).

### II. Standard of Review

"Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Gordon v. Gonzalez*, 232 F. App'x 153, 156 (3d Cir. 2007) (internal quotation and citation omitted). Appointing counsel for an indigent civil litigant is "usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

District courts have "broad discretion to determine whether appointment of counsel in a civil case would be appropriate." *Montgomery v. Pinchak*, 294 F.3d

1

492, 498 (3d Cir. 2002) (internal quotation and citation omitted). First, the court "must assess whether the claimant's case has some arguable merit." *Id.* If there is arguable merit, then the court should consider a range of factors including: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. *Id.* at 499 (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir.1993)). These factors are "not exhaustive, but should serve as a guidepost for the district courts. *Id.* (internal quotations and citation omitted).

## III. Discussion

First, there is arguable merit to Plaintiff's Second Amended Complaint accepting as true the allegations contained therein. Thus, the Court must consider the factors previously outlined as guideposts in determining whether counsel should be appointed for Plaintiff. First, Plaintiff is capable of presenting his own case, as evidenced with his ability to file a Second Amended Complaint, as per the Court's various orders previously entered in this matter, which was served upon Defendant at the direction of the Court. Second, the particular legal issues involved in this case are not so difficult so as to require the aid of counsel. Third,

2

the factual investigation necessary to prosecute these claims will be fairly limited as the relevant documentation is already likely in Plaintiff's possession and the factual information is already known to Plaintiff. Fourth, the case will likely not require the use of expert witnesses. Thus, even accepting as true the fact that Plaintiff is unlikely able to retain counsel on his own as he is currently incarcerated, and in consideration of the fact that this case may involve credibility determinations (as is the case in many jury trials), the Court finds that the factors still weigh in favor of denying Plaintiff's Motion for Appointment of Counsel.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel (ECF No. 3) will be denied. An appropriate Order follows.

DATED: 3-4-2019

BY THE COURT:

CHAD F. KENNEY, J.