IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY TUNG THIEN NGUYEN,<br>*Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 18-5019 |
| | : | |
| ALLSTATE INSURANCE COMPANY,<br>*Defendant*. | : | |

## MEMORANDUM

### I. Introduction

Before the Court is Plaintiff's Motion to Correct Case Title and Caption (ECF No. 21) and Defendant's Response in Opposition (ECF No. 22).

### II. Background & Discussion

On November 19, 2018, Plaintiff filed a civil action complaint naming Allstate Insurance Company as the sole defendant. ECF No. 2. The Court entered an order dated November 21, 2018, requiring Plaintiff to comply with certain requirements before proceeding with the case or the case would be dismissed without prejudice for failure to prosecute. ECF No. 7. On December 10, 2018, Plaintiff filed an Amended Complaint naming as defendants Allstate Insurance Company, Allstate representatives Clare Erksine and Tyron Murry, and U.S. Forensic, LLC. ECF No. 10. On December 13, 2018, the Court issued an Order dismissing Plaintiff's Amended Complaint without prejudice for lack of subject matter jurisdiction. ECF No. 12. As per the Court's accompanying memorandum,

1

it appeared from the Amended Complaint that Plaintiff is likely a citizen of Pennsylvania and Plaintiff alleged that Allstate has offices in Texas, that Murry and Erskine are employed by Allstate at an office in Philadelphia, and that U.S. Forensics, LLC has an office in Louisiana. ECF No. 11 at pg. 5. Thus, as Plaintiff "Nguyen ha[d] not satisfied his initial burden of pleading a basis for subject matter jurisdiction" because "those allegations did not reveal the Defendants' citizenship for purposes of plausibly establishing diversity[,]" the Court dismissed the Amended Complaint, but allowed Plaintiff to file a second amended complaint. *Id.*

On January 16, 2019, after the Court granted Plaintiff's Motion for Extension of Time to File Reamended Complaint, ECF Nos. 13 & 14, Plaintiff filed a Second Amended Complaint. ECF No. 15. Like the original Complaint, the Second Amended Complaint listed Allstate Insurance Company as the sole defendant. ECF No. 15. The Court decided that Plaintiff could proceed on the state law claims in the Second Amended Complaint because "it omits the individual Defendants, naming only Allstate as Defendant, and clarifies that Nguyen is a citizen of Pennsylvania." ECF No. 16 at fn. 1. The Court further noted that even though Plaintiff had failed to allege Allstate's state of incorporation or location of its principal place of business, "[i]n light of Nguyen's *pro se* status and the fact that Allstate has the ability to move for dismissal of this case in the event it is a Pennsylvania citizen, the Court will direct service at this

2

time." *Id.*

On February 7, 2019, Plaintiff filed a Motion to Correct Case Title and Caption alleging that a "clerical error" lead to the failure to list all of the Defendants named in the "original 42 USDC § 1983 CIVIL COMPLAINT FORM" in the Second Amended Complaint. ECF No. 21 at ¶ 1. Plaintiff now seeks to "correct the clerical error" and list the following parties as defendants: Allstate Insurance Company; Allstate Group Claims/Claims Great Lakes Northeast Pennsylvania; Brian M. Ciampitti, P.E.; Clare Erskine; Michael Chesterman; Tyron Murry; *et al. Id.* at ¶ 2. Plaintiff concedes that Ciampitti, Erskine, Chesterman, and Murry are citizens of Pennsylvania. *Id.* at ¶ 3. Thus, the addition of these defendants would destroy the Court's subject matter jurisdiction over this matter. Accordingly, Plaintiff's Motion to Correct Case Title and Caption is denied. Should Plaintiff choose to close this matter in this Court and refile his claims in a court having subject matter jurisdiction over this matter with the additional named defendants listed in Plaintiff's Motion to Correct Case Title and Caption, Plaintiff is in no way restricted from doing so.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Correct Case Title and Caption (ECF No. 21) will be denied. An appropriate Order follows.

DATED: 3-4-2019         BY THE COURT:

_____
CHAD F. KENNEY, J.