IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TONY TUNG THIEN NGUYEN, | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | NO. 18-5019 |
| | : | |
| ALLSTATE INSURANCE COMPANY, | : | |
| *Defendant*. | : | |

# MEMORANDUM

## I. Introduction

Plaintiff Tony Tung Nguyen, a prisoner currently incarcerated at the State Correctional Institute in Somerset, filed *pro se* a Second Amended Complaint against Allstate Vehicle and Property Insurance Company[1] ("Allstate") based on allegations that Allstate acted in bad faith by failing to provide insurance coverage for a collapsed carport and related damage. ECF No. 15. Allstate filed a Motion to Dismiss for failure to state a claim contending, among other things, the following: 1) Plaintiff's claim for breach of contract should be dismissed pursuant to the suit limitation provision in the insurance policy; 2) Plaintiff's claim for bad faith should be dismissed because Plaintiff has not alleged facts sufficient to warrant a finding of bad faith against Allstate; 3) Plaintiff's claim for negligence should be dismissed based on the gist of the action doctrine; and 4) Plaintiff's claim for

---

[1] Plaintiff improperly identified as Defendant "Allstate Insurance Company" in the Second Amended Complaint.

1

unjust enrichment should be dismissed because there is a written contract between the parties. ECF No. 23. Plaintiff failed to respond to Defendant's motion. For the reasons set forth below, Plaintiff's Motion to Dismiss (ECF No. 23-1) will be granted in part and denied in part.

## II. Background

Plaintiff alleges that in 2015 he purchased a homeowner's insurance policy from Allstate on property he owned in Philadelphia. ECF No. 15 at ¶ 9. According to the Second Amended Complaint, an Allstate agent represented to Plaintiff in late 2015 or early 2016 that Plaintiff would be covered by the policy if he built a carport extending from his house. *Id.* at ¶¶ 12-13. Plaintiff began building the carport in late 2016, but he was not able to complete the project because he had been sentenced to house arrest. *Id.* at ¶ 14. On March 14 or 15 of 2017, a snowstorm damaged Plaintiff's home and caused the carport to collapse. *Id.* at ¶¶ 15-16.

Plaintiff alleges that Defendant, under the insurance policy, "has a duty under their contract of insurance as well as under Pennsylvania law to provide coverage for the loss that took place[] and timely make payments for the damages, and repairs for dwelling, and personal property for the Plaintiff." *Id.* at ¶ 59. Although Plaintiff alleges at one point in the Second Amended Complaint that "Defendant ha[s] been provided with proof of loss, pictures of loss, depreciation

2

values sheet, and age of damages personal property," Plaintiff later alleges that he was "never able to send pictures of damages or loss to Defendant" because Defendant's agent did not respond to him, which constitutes "bad faith." *Id.* at ¶¶ 60, 70-71. Ultimately, Plaintiff alleges that Defendant refused to pay Plaintiff's claims so that he could "repair [his] home and secure the property." *Id.* at ¶ 68.

Based on those allegations, Plaintiff filed suit on November 19, 2018, appearing to allege claims under state law for breach of contract, bad faith, professional negligence, and unjust enrichment. *Id.* at pg. 1. Notably, the Second Amended Complaint does not explicitly address the purported counts for breach of contract and professional negligence. *Id.* Rather, Plaintiff only explicitly sets forth its counts for bad faith and unjust enrichment. *Id.*

Under his claim for bad faith, Plaintiff alleges that Allstate was informed of the demands for payments for his claims and Allstate "unreasonably refused to make payments or responses to Plaintiff." *Id.* at ¶ 58. Further, Plaintiff alleges that Allstate "made Plaintiff look bad by making Plaintiff file[] six different claims for [the] one incident," *id.* at ¶ 62; that Allstate's agent terminated Plaintiff's insurance policy because of those multiple filed claims, *id.* at ¶ 63; that Allstate's agent provided Plaintiff with false information as to what his insurance policy would cover, *id.* at ¶ 66; and that Allstate "never responded or gave Plaintiff any information to who Plaintiff can write to so Plaintiff can get more information on

3

his claim and appeal," *id.* at ¶ 67.

Under his claim for unjust enrichment, Plaintiff alleges that Allstate benefited from Plaintiff's payment for his insurance policy "and never made any effort to pay for any damages covered in [the contract]." *Id.* at ¶ 78.

The insurance policy at issue here[2] contains a suit limitation clause, which states as follows:

**Action Against Us**

No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which **Section I Conditions** applies, unless:

    a)     there has been full compliance with all policy terms; and

    b)     the action is commenced within one year after the

---

[2] Even though the insurance policy at issue here was not attached to the Second Amended Complaint, this Court may still consider it under Federal Rule of Civil Procedure 12(b)(6) without converting Defendant's Motion to Dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). While it is well-settled that "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings[,]" "an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (citations and internal quotations omitted) (emphasis in original). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated where plaintiff has actual notice and has relied upon these documents in framing the complaint." *Id.* (citations and internal quotations omitted). Because the allegations of Plaintiff's Second Amended Complaint are premised on the terms of the insurance policy, this Court may consider the insurance policy when ruling on the present motion. *See* Def.'s Mot. to Dismiss, Ex. B.

inception of loss or damage.

Def.'s Mot. to Dismiss, Ex. B. at pg. 22, ¶ 12 (emphasis in original).

## III. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002) (internal quotations omitted)). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

5

experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Notably, a *pro se* complaint at the motion to dismiss stage is held to a less stringent standard than a formal pleading drafted by lawyers, and it should only be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of [their] claim." *Olaniyi v. Alex Cab Co.*, 239 Fed. Appx. 698, 699 (3d Cir. 2007) (citing *McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3d Cir. 1996)).

## IV. Discussion

### A. Breach of Contract

Defendant contends that Plaintiff's breach of contract claim should be dismissed because the suit limitation provision in the policy has expired. ECF No. 23-1 at pp. 8-12. While affirmative defenses such as the statute of limitations should generally be raised in an answer to a complaint, the Third Circuit "permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092,

1094 (3d Cir. 1975)). Indeed, "courts require that defendants assert a limitations defense as early as reasonably possible." *Id.* (citation omitted). Accordingly, the Court may consider Defendant's statute of limitations defense at this time.

"It is well settled that a limitation on the time for bringing suit under an insurance contract is a contractual undertaking between the parties to the contract which is both valid and reasonable." *Kramer v. State Farm Fire & Cas. Ins. Co.*, 603 A.2d 192, 193 (Pa. Super. 1992) (citing *Lardas v. Underwriters Insurance Company*, 231 A.2d 740 (Pa. 1967)). Indeed, Pennsylvania courts have routinely upheld the one-year suit limitation provision contained in Allstate's policies, *McElhiney v. Allstate Ins. Co.*, 33 F. Supp. 2d 405, 408 (E.D. Pa. 1999), and found that these limitation provisions begin to run on "the date that the loss actually occurred," *Toledo v. State Farm Fire & Cas. Co.*, 810 F. Supp. 156, 160 (E.D. Pa. 1992).

Moreover, it is also well-settled that allegations of bad faith conduct by an insurer do not preclude the Court from finding a breach of contract claim barred by a suit limitation clause. *See McElhiney*, 33 F. Supp. 2d at 408 ("[W]e conclude that any bad faith failure to investigate and pay an insurance claim on the part of Allstate does not preclude it from asserting the suit limitation clause against plaintiffs on their breach of contract claim.") (citations omitted).

It is undisputed and apparent from the face of the Second Amended

7

Complaint that the alleged damage occurred and the loss was sustained on either March 14 or 15, 2017. ECF No. 15 ¶ 15. The suit limitation provision states, "no one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought . . . unless . . . the action is commenced within one year after the inception of loss or damage." ECF No. 23-1, Ex. B at pg. 22, ¶ 12. Plaintiff filed his original Complaint on November 19, 2018, over seven months after the suit limitation clause expired. Accordingly, Plaintiff's breach of contract claim is time-barred by the suit limitation clause and thus dismissed.

B.  Bad Faith

Defendant contends that Plaintiff fails to state a claim for bad faith. ECF No. 23-1 at pp. 12-15. Because Plaintiff asserts bad faith as to conduct beyond Allstate's denial of coverage, the Court must consider the sufficiency of Plaintiff's bad faith claim even though Plaintiff's breach of contract claim is time-barred. *See Dagit v. Allstate Prop. & Cas. Ins. Co.*, No. 16-3843, 2017 WL 395489, at *4 fn.3 (E.D. Pa. Jan. 30, 2017) ("It is well established that a claim for bad faith brought against an insurer pursuant to 42 Pa. C.S. § 8371 is a separate and distinct cause of action and is not contingent on the resolution of the underlying contract claim. Thus, if bad faith is asserted as to conduct beyond a denial of coverage, the bad faith claim is actionable as to that conduct regardless of whether the contract claim

survives.") (internal citations omitted).

"In an action arising under an insurance policy, if the Court finds that the insurer has acted in bad faith toward the insured, the Court may take all of the following actions: (1) award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; (2) award punitive damages against the insurer; (3) assess court costs and attorneys' fees against the insurer." 42 Pa. C.S.A. § 8371. "[I]n order to recover in a bad faith action, the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017). Moreover, "[a] plaintiff may also successfully make a claim for [] bad faith in an insurer's investigative practices, such as a lack of a good faith investigation into facts, and failure to communicate with the claimant." *Sypeck v. State Farm Mut. Auto. Ins. Co.*, No. 12-0324, 2012 WL 2239730, at *3 (M.D. Pa. June 15, 2012) (citations and internal quotations omitted).

"A bad faith claim is 'fact specific' and depends upon the insured's conduct in connection with handling and evaluating a specific claim." *Amica Mut. Ins. Co. v. Das*, No. CV 18-1613, 2018 WL 6435332, at *2 (E.D. Pa. Dec. 7, 2018). "[T]he party bringing the bad faith claim must describe who, what, where, when, and how

the alleged bad faith conduct occurred." *Id.* at *3 (citing *Mittman v. Nationwide Affinity Ins. Co.*, No. 16-04658, 2017 WL 1319445, at *4 (E.D. Pa. Apr. 10, 2017) (internal quotations and citations omitted)). "For these fact-specific claims, '[a] plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements.'" *McDonough v. State Farm Fire & Cas. Co.*, 365 F. Supp. 3d 552 (E.D. Pa. 2019) (citing T*oner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (affirming the dismissal of an insurance bad faith claim that pled conclusory statements without facts))). "A plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." *McDonough*, 365 F. Supp. At 552 (quoting *Toner*, 262 F. Supp. 3d at 208).

Defendant argues that Plaintiff does not provide any facts to support his allegation that Allstate acted in bad faith by denying him coverage under the insurance policy for the damage sustained to his home by the snowstorm. ECF No. 23-1 at pp. 14-15. To the contrary, Plaintiff sets forth a myriad of facts to support his claim. For example, Plaintiff alleges he was given contradictory information by Allstate agents as to the coverage of his policy and how he could collect under his policy and subsequently appeal Allstate's denial of that coverage, which he relied upon to his detriment. ECF No. 15 at pg. 3. Plaintiff also alleges that he was instructed to file multiple claims, which caused him to pay multiple

deductibles and which ultimately discredited his claim. *Id.* In holding Plaintiff's Second Amended Complaint to a "less stringent standard," as required of the Court in light of Plaintiff's *pro se* representation, the Court finds that Plaintiff sufficiently alleged a claim for bad faith and Defendant's Motion to Dismiss is denied as to this claim.

C. Negligence

Defendant contends that Plaintiff's claim for negligence should be dismissed based on the gist of the action doctrine. ECF No. 23-1 at pp. 15-18. Specifically, because the case at bar stems from the alleged breach of an insurance contract, any claim by Plaintiff on a negligence theory should be dismissed as "merely collateral to a contract claim for breach of those duties." Under Pennsylvania law, the gist of the action doctrine "bars tort claims: (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract." *Hart v. Arnold*, 884 A.2d 316, 340 (Pa. Super. 2005) (citation omitted); *see also, Smith v. Lincoln Ben. Life Co.*, 395 F. App'x 821, 823 (3d Cir. 2010).

In other words, "[w]here the alleged misrepresentation or fraud concerns the performance of contractual duties, 'then the alleged fraud is generally held to be

11

merely collateral to a contract claim for breach of those duties.'" *Smith*, 395 F. App'x at 823 (quoting *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 19 (Pa. Super. 2002)). "In essence, the gist of the action test requires the court to focus on the substance of the dispute, or more colloquially, to ask the question, 'What's the case really about?'" *Smith*, 395 F. App'x at 823 (citing *Screening, Inc. v. TeleChem Int'l, Inc.*, 602 F.3d 541, 550 (3d Cir. 2010) (internal quotations omitted)). "The gist of the action doctrine precludes plaintiffs from recasting ordinary breach of contract claims into tort claims and maintains the conceptual distinction between breach of contract claims and tort claims." *Id.* (internal quotations and citation omitted).

At bottom, this case is a dispute over whether Allstate breached its alleged contractual obligations under the insurance policy purchased by Plaintiff. It is evident that the parties' relationship and duties were framed by the insurance policy at issue in this case. Just like in *Smith v. Lincoln Ben. Life Co.*, "this case is 'really about' the policy provisions of the contract, and the claims and liability cannot be determined without looking to the terms of the contract." 395 Fed. App'x. at 823. Accordingly, Plaintiff's negligence claim is barred by the gist of the action doctrine and is thus dismissed.

D. Unjust Enrichment

Defendant contends that Plaintiff's claim for unjust enrichment should be

dismissed as a matter of law because a written contract, the insurance policy, exists between the parties. ECF No. 23-1 at pp. 18-20. "Unjust enrichment 'imposes a duty, not as a result of any agreement, . . . but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another.'" *SEI Investments Glob. Funds Servs. v. Citibank, N.A.*, 100 F. Supp. 3d 447, 456 (E.D. Pa. 2015) (quoting *Lackner v. Glosser*, 892 A.2d 21, 34 (Pa. Super. 2006)). It is well-established by Pennsylvania courts that "the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how harsh the provisions of such contracts may seem in the light of subsequent happenings." *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006) (citations and internal quotations omitted); *see also*, *Curley v. Allstate Ins. Co.*, 289 F. Supp. 2d 614, 620 (E.D. Pa. 2003) ("Pennsylvania law has long recognized that the doctrine of unjust enrichment is unavailable where, as here, the relationship between parties is founded on a written agreement or express contract.") (internal quotations omitted) (describing said rule as "bright-line")).

As previously discussed, this case is a dispute over whether Allstate breached its alleged contractual obligations under the insurance policy purchased by Plaintiff, and it is evident that the parties' relationship and duties were framed by the insurance policy at issue in this case. Plaintiff's Second Amended

13

Complaint relies entirely upon the insurance policy between the parties to establish a basis for liability here. Consequently, Plaintiff's unjust enrichment claim must be dismissed as a matter of law.

### E. Damages

The damages available for Plaintiff's bad faith claim, the only claim to survive Defendant's Motion to Dismiss, are clearly established by the statute as: (1) interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; (2) punitive damages; (3) court costs and attorneys' fees. 42 Pa. C.S.A. § 8371. Plaintiff cannot, at this juncture, recover attorneys' fees with respect to this action in light of his *pro se* status. *See Atwood v. State Farm Fire & Cas. Co.*, No. 13-1000, 2013 WL 4543354, at *3 (M.D. Pa. Aug. 27, 2013) (striking Plaintiff's demand for attorneys' fees with respect to his claim for bad faith under Section 8371 because Plaintiff was litigating his claims *pro se*). Pursuant to Federal Rule of Civil Procedure 12(f), the Court will strike Plaintiff's demand for attorneys' fees without prejudice. If an attorney enters his or her appearance in this action on Plaintiff's behalf, the Court will consider a motion by Plaintiff to amend his Complaint to add a request for attorneys' fees. *See id.* Moreover, Plaintiff is also precluded from recovering interest plus 3% on the amount of the alleged insurance claim in light of Plaintiff's breach of contract claim being time-barred. Accordingly, the only

remedy available to Plaintiff regarding his bad faith claim is punitive damages.

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion to Dismiss (ECF No. 23-1) will be granted in part and denied in part. An appropriate Order follows.

DATED: 5-8-2019

BY THE COURT:

_____
CHAD F. KENNEY, J.